JjCARAWAY, J.
A jury convicted Joseph Michael Prince of aggravated incest, a violation of La. R.S. 14:78.1. The trial court then sentenced Prince to 15 years imprisonment at hard labor and denied a timely filed motion to reconsider the sentence. On appeal, the defendant urges that the evidence was insufficient to sustain his conviction and that the sentence imposed was excessive. Finding no merit to defendants assignments of error, we affirm Princes conviction and sentence.

Facts

The victim of this offense, T.P., is the son of the defendant. At the time of the acts, T.P. was eleven years of age and he testified at trial at age thirteen. The defendant and his ex-wife, Donna Prince (Donna), were divorced in December 1990. Pursuant to a custody agreement, Donna was designated the domiciliary parent of T.P. After the divorce, the defendant moved in and lived with his parents.
In the fall of 1995, T.P. decided he wanted to live with his father and grandparents. He remained with them until early January 1996 when he returned to live *924 with his mother. Thereafter, he moved back and forth living with both parents until May 6, 1996 when he moved back with Donna on a permanent basis. No change of custody litigation surrounded these changes in T.P.’s movement back and forth between his parents.
After returning to his mothers home, T.P. told Donna in July 1996 that Prince had sexually molested him from November 1996 until February 1996. Donna immediately reported T.P.s allegations to the police who arrested Prince charging him with aggravated incest.
During the jury trial, Donna, T.P. and Prince were the only witnesses. T.P. testified to the first incident of sexual misconduct which occurred on a New Year’s | ¡>Eve camping outing with Prince. Prince confirmed that the two had camped out on that evening but denied any misconduct. T.P. stated that while he lived with the defendant, they slept in the same bed. T.P. testified about many different incidents of incest between November 1996 and February 1996 when Prince would ask T.P. to have oral sex with him. T.P. testified that Prince would stick his penis in his rectum, although according to T.P., the defendant never achieved penetration. Instead, T.P. testified that on more than ten occasions, he and the defendant had oral sex, with T.P. sometimes giving oral sex to Prince and sometimes receiving oral sex from Prince.
Prince adamantly denied engaging in any sexual conduct with his son and testified that T.P. lied about any and all sexual encounters between them. The defendant suggested that his ex-wife coerced T.P. into making these allegations. Prince stated that he and Donna separated because he was bisexual and because he was taking medications for depression, anxiety and obsessive compulsive disorder. The defendant testified that T.P. moved in with him because Donna could not control T.P. who was becoming a discipline problem. Prince admitted that he and T.P. slept in the same bed most nights and that he slept nude on 90% of those nights. Prince said that there were other sleeping arrangements available at the house and that T.P. was never forced to sleep in his bed. He speculated that T.P. slept in his bed because of the television which T.P. liked to watch at night before bed.
Prince thought that T.P. may have gotten the ideas about oral and anal sex between two men from a triple-x rated pornographic film. The defendant stated he caught T.P. watching the movie on two separate occasions. On the first occasion, Prince admitted he accidentally left the film in the VCR where T.P. found it, but | ¡¡on the second occasion, T.P. searched for and found the tape after the defendant had hidden it in his sock drawer.
Finally, Prince testified that from November 1996 until May 1996, and through to the time of the trial in this matter, he was taking a combination of medications which caused him to be impotent, thereby rendering it impossible for him to commit the acts of which he was accused. However, the defendant produced no medical testimony on this issue. During the trial, Prince admitted that at the time he was arrested on the instant charges, he was on probation after pleading guilty to charges of possession of marijuana and simple battery.

Sufficiency of the Evidence

The relevant inquiry when reviewing a conviction for the sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard, initially enunciated in Jackson, and now legislatively embodied in La.C.Cr.P. art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Cotton, 25,940 (La.App.2d Cir.3/30/94), 634 So.2d 937. For circumstantial evidence to sustain a *925 conviction, upon assuming every fact to be proved that the evidence tends, to prove, the evidence must exclude every reasonable hypothesis of innocence. Id. at 939. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Id.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 28,724 (La.App.2d Cir.10/30/96), 682 So.2d 847. The appellate court will not assess the credibility of witnesses or reweigh the evidence to overturn the fact-finders determination of guilt. State v. Rhodes, 29,207 (La.App.2d Cir.1/22/97), 688 So.2d 628, writ denied, 97-0753 (La.9/26/97), 701 So.2d 980.
Prince was convicted of aggravated incest, a violation of La. R.S. 14:78.1, which provides in pertinent part:
A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this Section:
1. Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
2. Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.
T.P. is the biological son of the defendant and was eleven years of age at the time Prince engaged in the prohibited acts with him. T.P; testified that he and Prince engaged in oral sex on more than ten occasions between November 1995 and February 1996 and that several times during this same period, the defendant touched T.P.s anus with his penis. Through this testimony, the state demonstrated that the defendant engaged in more than one of the statutorily prohibited acts with T.P.
This case rests on the credibility of the two witnesses because the testimony of Prince and T.P. is irreconcilable. Prince denied any and all inappropriate sexual conduct with T.P. However, the jury obviously believed T.P.s testimony was | ^credible and chose to accept it rather than the testimony of the defendant. T.P.’s testimony is not contradicted by the facts regarding his living in his grandparents’ residence. Prince had the opportunity to commit this crime as shown by the uncontested facts of the parties’ sleeping arrangements. Based upon T.P.’s testimony at trial and his age at the time of the offense, there is no indication in the record that T.P.’s youth affected his ability to understand and relate the details of his father’s abusive conduct.
The decision concerning the credibility of the witnesses is within the sound discretion of the trier of fact and we will not reweigh this determination on appeal. We find that the evidence was sufficient for a rational jury to decide that Prince is guilty beyond a reasonable doubt of aggravated incest.

Excessive Sentence

Prince contends that his sentence of 15 years at hard labor is excessive. We do not agree.
The inquiry for a claim of excessive sentence is whether the sentence im *926 posed is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Wilkerson, 29,979 (La.App.2d Cir.10/29/97), 702 So.2d 64. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Smith, 433 So.2d 688 (La.1983); State v. Wilkerson, supra.
During the sentencing hearing, the trial court listed several factors which it considered when deciding Princes sentence in this matter. The first was the gravity of the offense, aggravated incest with the defendants 11-year-old son. The | ¿trial court reviewed the pre-sentencing investigation report and noted that although the defendant was a first felony offender who maintained his innocence during and after trial, Prince had some misdemeanor charges and convictions on his record.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set' aside a sentence as excessive. State v. Rubalcava, 28,325 (La.App.2d Cir.05/08/96), 674 So.2d 1035. The sentencing range for conviction of aggravated incest is, in addition to imposition of a fine, imprisonment with or without hard labor for not less than five years nor more than twenty years. La. R.S. 14:78.1. Considering the circumstances of this case including the seriousness of the repeated incidents of the crime upon the child and Princes prior criminal record, the sentence of 15 years, which is within the statutory limits and less than the maximum sentence, is not a manifest abuse of discretion and does not shock our sense of justice. The sentence is therefore not excessive.

Error Patent

Prince requested that this court review, the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993), modified on other grounds, 624 So.2d 1208 (La.1993); State v. Bryant, 29,344 (La.App.2d Cir.5/7/97), 694 So.2d 556. We have examined the record for error patent, La.C.Cr.P. art. 920(2), and found none.

Conclusion

For the. foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.