|.GASKINS, J.
Following a bench trial, the defendant, Cedric Deon Gibbs, was convicted as charged of aggravated burglary. He was subsequently adjudicated a third felony offender and sentenced to 30 years at hard labor without benefit of probation or suspension of sentence. We affirm the defendant’s conviction and sentence.
FACTS
On July 16, 2002, the 13-year grandson of the victims was alone at their home in southwest Shreveport. His grandmother was at her nearby sandwich shop; his grandfather, a Caddo Parish deputy sheriff, was also at work. The boy heard someone ringing the doorbell incessantly. Peering through the peephole in the front door, he saw a black male. A dark-colored Chevrolet Caprice was in the driveway. The boy went back to the kitchen to call his grandmother but received no answer. He began to call 911; however, he heard *177 pounding on the front door. As the front door was broken down, he fled out the back door and ran to his grandmother’s store.
When the boy arrived at the store and told his grandmother what had happened, she immediately called 911 and informed them of the home invasion. She swiftly closed her shop, asked a neighbor to call her husband, and got in her car with her grandson. They returned to the house in time to see the dark-colored car pulling out of their driveway. Due to the extremely dark tint of the car’s windows, they were unable to ascertain how many persons were in the fleeing vehicle. However, the grandmother blocked in the car when it pulled in a driveway and obtained its license plate number. 12Fearing that the car occupants might be armed, she moved her car to avoid a confrontation.
The grandmother continued to follow the car until she saw a police car headed toward her house. At this point, she discontinued her pursuit and returned to the house to give the police a description of the car and its tag number.
The police quickly broadcast the car’s description, and several marked units converged upon the area to locate it. Within minutes, the police were in close pursuit of the fleeing car; an officer closely following the ear was able to determine that it had three occupants. Several police units conducted a staging at an intersection. The Caprice was intercepted, and a felony stop was executed. A passenger jumped from the back seat and attempted to escape; he was subsequently captured after a foot chase. The defendant, who was the driver, and a front seat passenger were removed from the vehicle and placed under arrest. Numerous items belonging to the victims were found in the back seat and the trunk of the car. Among these items were electronic equipment and several weapons, at least one of which was loaded.
The three men were charged with aggravated burglary. Following a bench trial, the defendant was found guilty as charged. The state filed a habitual offender bill of information, charging him as a third felony offender. He was so adjudicated. The court sentenced him to 30 years at hard labor without benefit of probation or suspension of sentence.
I «INSUFFICIENT EVIDENCE
The defendant contends that the evidence was insufficient to convict him of the offense of aggravated burglary. While conceding that he was in the vehicle when it was stopped, the defendant asserts that there is no evidence that he participated in the burglary. No forensic evidence such as DNA or fingerprints placed him inside the victims’ home. The victims’ grandson was unable to identify him as the man he observed through the peephole. To the contrary, the defendant claims that the other two car occupants came by his apartment and picked him up after they committed the burglary. He maintains that he had no reason to believe that the electronic equipment heaped in the back seat was stolen.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The decision concerning the credibility of the witnesses is within the sound discretion of the trier of fact. State v. Prince, 32,134 (La.App.2d Cir.6/16/99), 742 So.2d 922. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. *178 Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
La. R.S. 14:60 states, in relevant part:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
14(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
To obtain a conviction of aggravated burglary in the present case, the state had to prove that the defendant (1) made an unauthorized entry into the victims’ home, (2) with the intent to commit a theft therein, and (3) armed himself therein. La. R.S. 14:60; State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747.
The defendant in the Haley case was the back seat passenger who jumped from the ear and attempted to flee from the police. He made the same argument as the defendant in the instant case; he too claimed that the other two men picked him up after the burglary.[1]
In dismissing this claim, the Haley court stated:
The extremely unlikely alternative hypothesis given by the defendant (that the co-defendants picked him up after the crime, but before arrest) is unbelievable, even with a willful suspension of disbelief. Such an unlikely event would have had to occur within the three- to four-minute span that the suspects’ vehicle was out of sight of the victims or police authorities. That two escaping criminals would stop and pick up a hitchhiker during the pursuit is a suggestion unworthy of belief. The trial court correctly found this crime was proven beyond a reasonable doubt.
We cast a similarly jaded eye upon this defendant’s assertion that the two other car occupants committed the actual burglary and then — while fleeing the crime scene — stopped to offer the defendant a ride in a car laden down with stolen loot from the burglary haphazardly scattered across the back seat. In his statement to the probation officer who compiled the | ¿presentence investigation report, the defendant denied noticing any items in the car. However, in dismissing this statement as “completely unbelievable,” the trial court succinctly observed, “Anybody with a lick of sense would have noticed that the car was loaded down” with a large variety of items.
The large amount of items taken and the small amount of time in which they were removed from the victims’ residence demonstrates that the burglary was committed by more than the one person seen by the grandson. A brief period of time, mere minutes, passed between the time the grandmother and grandson lost sight of the burglars’ car and the time when police, alerted by a prompt radio message, spotted the vehicle. The officer following the car was able to discern three occupants within the car and apparently never lost visual contact with the vehicle from that point. When the car was stopped shortly thereafter, the defendant was found to be the driver. Certainly the fact that he was driving the car while it was pursued by the police and when it was finally stopped *179 contributes to our skepticism about his claim to be a mere post-burglary passenger.
This assignment of error lacks merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed. .
AFFIRMED.

. Like the defendant here, Haley was convicted of aggravated burglary, adjudicated a third felony habitual offender, and sentenced to 30 years at hard labor without benefit of probation or suspension of sentence. His conviction and sentence were affirmed by this court.