702 So.2d 64 (1997)
STATE of Louisiana, Appellee,
v.
Orville Eugene WILKERSON, Appellant.
No. 29979-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
*65 Rick Warren, Indigent Defender Board, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Schuyler Marvin, Assistant District Attorney, for Appellee.
Before NORRIS, GASKINS and PEATROSS, JJ.
GASKINS, Judge.
The defendant, Orville Eugene Wilkerson, pled guilty as charged to arson with intent to defraud, a violation of La. R.S. 14:53. The trial court sentenced him to serve two years at hard labor and to pay a fine of $500 and costs, with six months in jail in default of payment. We affirm the defendant's conviction, and we find no merit to his claim that the sentence is excessive. However, for the reasons expressed below, we delete the six months in default time.

FACTS
In early 1995, Sheryl Boullion was in charge of a house in Minden belonging to Lou Mae LeBouef. Ms. Boullion approached the defendant and offered him $5,000 to set fire to the house so she and Ms. LeBouef could obtain insurance proceeds. The defendant agreed to set fire to the home and did so on April 1, 1995. However, a neighbor saw him leaving the home after he started the fire. He claimed he did not receive the $5,000 payment. Ms. Boullion pled guilty to attempted arson with intent to defraud. The defendant and Ms. Boullion testified at the trial of Ms. LeBouef; the jury found her guilty as charged.
The trial court sentenced the defendant to a term of imprisonment at hard labor for two years. He was also ordered to pay a fine of $500 and costs or serve six months in jail in default thereof. The trial court denied the defendant's timely motion for reconsideration.

LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143 (La.1988); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
The second inquiry is whether the sentence imposed is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. *66 Davis, 28,662 (La.App.2d Cir. 9/25/96), 680 So.2d 1296; State v. Bradford, supra.
The offense of arson with intent to defraud carries a sentencing range of a fine of not more than $10,000, imprisonment with or without hard labor for not more than five years, or both. La. R.S. 14:53.

DISCUSSION
Prior to imposing sentence, the trial court reviewed a presentence investigative (PSI) report. The trial court noted that the defendant was a first felony offender with one misdemeanor conviction in Arkansas and no juvenile record. In mitigation, the court found that the defendant had testified against a co-defendant. However, his criminal act had jeopardized firemen who could have been killed or injured. The 32-year-old defendant had an ex-wife and two sons who lived in Arkansas and to whom he made support payments. He had earned his GED and was characterized as a good employee. The insurance company which held the policy on the burned property requested restitution of $14,000.
Considering all of these circumstances, we do not find this low-range sentence to be shocking to the sense of justice. The defendant acted for financial profit and jeopardized the lives of other personsboth neighbors and firemenin the process. This healthy, skilled welder presents no special circumstances which require the imposition of a lesser sentence. On the showing made, we do not find an abuse of discretion. The sentence is not constitutionally excessive.

ERROR PATENT
An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991). Where an appellate court can determine indigency from the record, such a penalty may be treated as error. State v. Washington, 605 So.2d 720 (La.App. 2d Cir.1992), writ denied, 610 So.2d 817 (La. 1993). The record clearly shows that the defendant was represented by the Indigent Defender Board both at the trial and on appeal. Accordingly, we delete the portion of the sentence providing for incarceration in the event of default of payment of the fine and costs.
While the defendant is presumed unable to pay a fine if he is unable to afford counsel, this presumption may be rebutted with evidence placed into the record which shows the defendant's ability to pay the fine. We note that under La. R.S. 15:574.4(J) and (K), payment of restitution or a fine may be made a condition of parole by the parole board. Further, La.C.Cr.P. art. 886 permits the state to enforce collection of a fine and costs in the same manner as a money judgment in a civil case. State v. Conley, 570 So.2d 1161 (La.1990).

DECREE
The defendant's conviction is affirmed. The sentence is amended to delete the default time; as amended, it is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.