I, DREW, J.
This civil appeal seeking the return of money paid as fine and costs arises out of criminal proceedings which are now final. Charged with DWI, 2nd offense, La. R.S. 14:98(0; Careless Operation of a Vehicle, La. R.S. 32:58; and Operation of a Vehicle without Proof of Liability Insurance, La. R.S. 32:863.1; McNeese was convicted of DWI, 2nd offense. Asserting his pauper status, Joseph H. McNeese appealed civilly the denial of his motion to have the fine and costs paid in the criminal matter returned. The judgment of the trial court is affirmed.

PROCEDURAL BACKGROUND

The trial court granted McNeese pauper status in these proceedings on April 16, 1997. McNeese filed multiple subpoenas and motions seeking a variety of relief during this litigation. Representing himself at the January 20, 1998 criminal trial, McNeese had no witnesses, present and complained that no returns had been made on the subpoenas he issued three months prior to trial. The trial court questioned him and determined that the three persons to whom McNeese issued subpoenas had not been present the night of the accident and had no relevant testimony.
The trial court went over a series of questions which reviewed McNeese’s decision to represent himself. McNeese acknowledged that the trial court had repeatedly advised him of his right to have counsel appointed for him. Further, McNeese felt confident to handle the litigation himself and did not trust the IDB lawyers to do a good job for him. In argument before this court, McNeese stated he could handle his case as well as a lawyer.
The criminal prosecution resulted from a single vehicle accident on March 19, 1996. At trial, McNeese stipulated to his September 9, 1996 conviction on the predicate offense. According to McNeese, a dog ran into the path of his truck and caused him to lose control. His truck left the road and overturned. Based upon the ^testimony of the witnesses and the trial court’s credibility determinations, the trial court found that McNeese was operating the vehicle and that the evidence proved beyond a reasonable doubt that McNeese was intoxicated. While convicting McNeese of DWI, 2nd offense, the trial court acquitted McNeese on the careless operation charge. During the trial, the state also dismissed a third count, Operating a Vehicle Without Proof of Liability Insurance. The sentence imposed included a fine of $750, in default of which he was to serve 60 days, and 90 days incarceration, 30 days of which were suspended. The trial court placed McNeese on supervised probation and directed that the fine and costs be paid by the end of the next day, January 21, 1998. McNeese was also directed to attend a victim impact seminar. The court also set July 22, 1998 as a review date in this matter. Although not in the evidence, McNeese has informed this court via a filing attached to his brief that he paid the fine and costs on February 3, 1998. According to the State’s brief, McNeese was released from his 60-day sentence after 30 days on February 18. Presumably two days credit was given for each day actually served. Both McNeese and the State agreed at oral argument that McNeese did not serve any default time in lieu of fine and costs payment.

No. 31,169-KH

On February 2, McNeese filed a writ of review for which the trial court set a February 20 return date and ordered that the *129 clerk of court prepare a record including the trial transcript and the rulings the day-before trial. Noting that the trial court excluded blood test results, the State had dismissed a separately billed marijuana charge, and the court had acquitted McNeese of the related driving charge, the trial court ruled that no other transcripts were necessary for review of the matter. That record, compiled pursuant to the trial court’s order, was filed in this court on February 27, 1998. In April, this court sent McNeese a letter |srequesting that he file his writ application within 15 days. On May 7, McNeese filed his writ in which he asserted numerous errors and stated that although given pauper status, the trial court required that he pay all court costs before he could get out of jail.
On May 28, 1998, McNeese filed a Motion to Show Just Cause in the trial court and complained that the trial court’s denial of his request to recuse the district attorneys office based upon bias against him required that the recusal hearing be transcribed and submitted to the appellate court. The trial judge denied that motion on June 1,1998.
On June 11, 1998, this court denied the writ:
Applicant seeks review of his conviction for DWI, second offense, based upon various errors he claims were made by the trial court. The applicant’s claims are without merit. He was notified of his Miranda rights and issued a summons to notify him of the charges against him. The admission of the emergency room physician’s opinion of the applicant’s intoxication, not received as an expert medical opinion but based on her experience and observations, was error but was only cumulative of the testimony of other experienced witnesses, and not sufficiently prejudicial to warrant a reversal. The testimony offered at trial was sufficient to support a conviction for driving while intoxicated. The other claims made caused no prejudice to any substantial right of the accused and are denied. The writ application is denied.

No. 31,669-CW

On June 15, 1998, McNeese filed a writ of mandamus in the district court complaining about his attempts to recuse the district attorney and also a writ of mandamus stating that he was permitted to represent himself because he lacked funds to hire an attorney. McNeese noted that he made many filings without paying advance costs both in the district and appellate courts. McNeese contended that, after serving his mandatory sentence, the trial court would not permit him to be released from incarceration until he paid all court costs, “which were supposed to have been legally waived.” With his parents help, McNeese stated he paid the |4fees to get out of jail. In this writ, McNeese sought to have those “costs” returned to him from the Fourth Judicial District Court. The trial court denied that writ related to the return of money on June 17,1998.
McNeese mailed that writ to this court on July 13 and the writ was filed on July 27. On August 13, 1998, this court denied the writ because it did not comply with the Uniform Rules of Courts of Appeal. However, the court noted that the trial court’s denial of McNeese’s request for the return of the money paid in a criminal case to avoid imposition of default time was an appealable judgment for which appeal delays had not yet run. On August 20, 1998, McNeese filed in the trial court an “appeal” addressed to this court in which he complained about denial of transcripts and about payment of costs.

No. 31,927-KH

On August 24, McNeese mailed to the Louisiana Supreme Court a writ of certio-rari dated August 18,1998, which was filed on September 2, 1998. McNeese asserted in his writ that he had been denied the right to a fair hearing by the Second Circuit Court of Appeal which did not have all of the pertinent information and failed to *130 address key legal issues. McNeese alleged that he was permitted to represent himself in the criminal proceedings in which he was convicted on one of four charges and was incarcerated for 60 days mandatory time. Upon serving his mandatory time, he alleged he was denied the right to be released until he paid all court costs and the fine. After being released from jail, McNeese asserted he attempted to have transcripts of pre-trial and trial hearings forwarded to the Second Circuit, but the request was denied without a hearing. McNeese also noted that his writ of mandamus concerning money paid was denied by the Second Circuit which noted that the issue was appealable. McNeese stated he filed his appeal at the Second Circuit, the clerk of which informed him that his appeal was |fifiled in the wrong court. Therefore, he sought relief from the supreme court to have his money returned and transcripts produced.
On September 25, the supreme court granted the writ in part and remanded the case to the court of appeal which was directed to reach the merits of McNeese’s complaints. Since this McNeese application had not yet been filed in this court, this court filed the supreme court’s remand under a new docket number, No. 31,927-KH, and considered the merits of McNeese’s application as ordered by the supreme court.
Complying with the supreme court’s remand order and making a review on the merits of McNeese’s complaints, this court issued two orders on October 29, 1998. Once again this court addressed McNeese’s allegations about his criminal conviction and specifically considered and rejected his complaints about transcripts. In the first order, this court stated that under La.C.Cr.P. art. 930.4(D) a successive application for post-conviction relief may be dismissed if it failed to- raise new or different claims. Moreover, the application for post-conviction relief dated August 18 and filed in the supreme court and then remanded to this court was repetitive of McNeese’s May 7, 1998 application (No. 31,169-KH) which this court had reviewed and denied on the merits on June 11, 1998.
Concerning the trial court’s June 1, 1998 denial of McNeese’s request for transcripts on the motion for recusal of the District Attorney, this court found no merit in the claims and no necessity for a review of transcripts. That request for relief was denied in the same order. No. 31,927-KH was denied and dismissed.
This court’s second order on October 29, 1998, addressed McNeese’s claim for a return of monies paid. Previously in its June 17,1998 order in No. 31,669-CW, this court noted the monetary matter was ap-pealable. Therefore, the monetary matter was remanded to the district court for perfection of the appeal.
| cJVo. 32,305-CA (the present appeal)
On November 6, 1998, McNeese filed in the district court a request for written reasons for all the actions taken. McNeese stated that, since the Second Circuit had made a final judgment in the case, it was time for the supreme court to hear the matter in its entirety. McNeese also filed yet another request for transcriptions which he wanted forwarded to the Louisiana Supreme Court. The trial court denied both requests on December 4, 1998. McNeese has not made any filings in the Louisiana Supreme Court since that court’s September 1998 order and this court’s October 29,1998 denial of his criminal writ. Therefore, this court’s ruling on the criminal matter is final. On December 4, 1998, the trial court filed into the record a detailed ruling setting out the history of this litigation including an appeal order perfecting this appeal.
In February 1999, McNeese filed with this court a requested extension of time to file his brief and a motion to supplement the appeal with transcripts. The extension for briefing was granted and the supplementation request was denied by this court on March 11, 1999. On May 11, 1999, McNeese made a filing styled “Mo *131 tion to Show Just Cause” and another Motion to Supplement. On May 24, 1999, this court denied the motion to supplement and found that the other motion which was in the nature of a petition for damages under 42 U.S.C. § 1983 was not cognizable in this civil appeal.
During oral arguments before this court, McNeese and the State acknowledged that the criminal aspects of this matter had been finally resolved and that the sole matter before the court was McNeese’s appeal from the denial of his request to have refunded the monies paid for fine and costs.
| ^DISCUSSION
McNeese complained that he should not have been required to pay the fíne and costs prior to his being released from jail. His arguments reveal his misunderstanding of “pauper status” which he characterized as a “waiver of costs.”
The purpose of the laws permitting persons to litigate in forma pauperis is to enable indigent persons to assert their claims in the courts of this state. The statutes are to be interpreted liberally in favor of giving indigents their day in court even though they do not have the financial means to prepay or secure court costs. However, the litigant proceeding in forma pauperis remains liable for the costs, even though that person has been allowed to proceed without their prepayment. If the pauper subsequently becomes able to pay the costs, then the costs may be collected from him so long as they have not been taxed against the opposing party upon the pauper’s winning his litigation. Benjamin v. National Super Markets, Inc., 351 So.2d 138 (La.1977).
Here, McNeese was granted in forma pauperis status on April 16, 1997. Following his January 20, 1998 conviction, McNeese’s sentence included jail time and a fíne and the imposition of court costs. The court directed that jail time be served in default of payment of the fine and costs, as required by La.C.Cr.P. art. 884, which provides:
If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense. (Emphasis ours)
Being an indigent in a criminal case is significant if the defendant is in need of counsel, and cannot afford it. See La. Const. Art. 1, § 13. It can also become | simportant if the trial court imposes on an indigent a fine and costs with attendant default jail time provisions because of constitutional considerations. See Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Wilkerson, 29,979 (La.App.2d Cir.10/29/97), 702 So.2d 64.
Although not liable for the advancement of costs or as it accrued, an indigent party may ultimately be responsible for the cost of an unsuccessful lawsuit. La. C.C.P. art. 5188 states:
Except as otherwise provided by Articles 1920 and 2164, if judgment is rendered against a party who has been permitted to litigate without the payment of costs, he shall be condemned to pay the costs incurred by him, in accordance with the provisions of Article 5186, and those recoverable by the adverse party.
La.C.Cr.P. art. 886 provides:
A. In the event of nonpayment of a fíne, or of a fine and costs, within sixty days after the sentence was imposed, and if no appeal is pending, the court which imposed the sentence may sign a *132 judgment against the defendant in a sum equal to the fine plus judicial interest to begin sixty days after the sentence was imposed, plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court. Collection of the judgment may be enforced in either criminal or civil court in the same manner as a money judgment in a civil case. In addition, particular courts may provide by court rule for enforcement by the filing of an offset claim against the defendant, in accordance with R.S. 47:299.1 through 299.19.
B. The provisions of Paragraph A of this Article shall apply to all fines and costs due and owing, regardless of whether they become due and owing prior to September 6,1991.
McNeese’s claim, that the threat of incarceration compelled him to pay the fine, was not raised in a timely fashion and is belied by his own admission to this court that he paid the fine and costs February 8, 1998, over two weeks before his release from jail. Had McNeese complained, the trial court could have addressed the relationship between the appellant’s indigency and his ability to pay these sums. Had McNeese sought emergency supervisory relief from this court, the |9court would have directed that the default time be deleted if McNeese was, in fact, indigent. In State v. Conley, 570 So.2d 1161 (La.1990), the defendant sought supervisory writs because he was making payments under threat of incarceration. The supreme court ordered the district court to delete the incarceration in default of payment portion of the sentence because an indigent may not be incarcerated because he is unable to pay the fine which is a part of his sentence. After sentencing on January 20, with a January 21 deadline for payment, McNeese paid the fine and costs February 3, 1999 (well in advance of any possible release date on his DWI sentence), and was released from jail February 18. McNeese served no time on the default portion of the sentence.
The fine and costs imposed upon McNeese were a valid obligation which the state could have reduced to a civil judgment to be collected according to law. La. C.Cr.P. art. 886. Assuming McNeese’s assertions of indigency to be correct, the imposition of fine and costs as a result of his conviction was still valid. As an indigent, McNeese could not have been required to serve default time. In this matter, he did not. This alleged compulsion to pay was not supported by this record and was not properly asserted at a time when the trial court or this court could have deleted the default provisions from his sentence. McNeese is not entitled to a refund of a payment made on a valid obligation which he owed and would have continued to legally owe had he not made the payment. La.C.Cr.P. art. 886 and La. C.C.P. art. 5188. While the State could not have legally enforced a default jail sentence had McNeese not paid and been indigent, the State could have pursued collection of the fine and costs in the civil courts if McNeese’s financial circumstances warranted it.
The purpose of pauper status is to make the courts accessible to indigent persons without prepayment of costs, but is not a “free ride” in the court system. |inThe appellant owed and paid his court costs and fine. Having availed himself of his right to self-representation, he did not take advantage of possible remedies available to him and cannot now be heard to complain of the discharge of a legitimate obligation.

DECREE

The trial court’s judgment denying return of the court costs is affirmed, and all costs of these proceedings are taxed as costs to the appellant.
AFFIRMED.
STEWART, J., concurs with written reasons.