h STEWART, J.,
concurring.
The defendant in this case was sentenced to both a fíne of $750, in default of which he was to serve 60 days, and 90 days incarceration, 30 days of which were suspended. Although the defendant chose to represent himself, this record clearly reflects his inability to pay a lawyer and his eligibility for an indigent defender.
In State v. Wilkerson, 702 So.2d 64 (La. App. 2 Cir.1997) this court found that where the defendant was represented by the Indigent Defender Board he was presumed unable to pay a fine. The portion of the sentence providing for incarceration in the default of payment of the fine and costs was deleted as error patent. I see no distinction between Wilkerson and the matter before this court. Although set several times on the court’s docket for review after sentencing, the record does not reflect that the defendant ever again appeared in court; therefore, his possible inability to pay was never addressed. Threatened with having to possibly serve default time, the defendant managed to have his parents borrow the fíne money, and he was released without serving any default time. Because this matter is before us as a civil question rather than a criminal question, I concur with the result reached by the majority. However, it must be noted that where defendants who are unable to afford counsel and/or have been appointed a public defender are sentenced to serve jail time which may include default time for nonpayment of a fíne, the court should address on the record the presumed indigency at the time of sentencing or, at the least, before incarceration.