I,CARAWAY, J.
A jury convicted the defendant, Anthony Ray Burns, of simple burglary, a violation of La. R.S. 14:62. The trial court then sentenced Burns to ten years imprisonment at hard labor. Although Burns assigned five assignments of error,[1] Burns only argues four of these assignments, that the evidence was insufficient to sustain a guilty verdict, the trial court committed error by denying him the right to be represented by his private counsel, the trial court erred in limiting the testimony of a defense witness and not allowing a proffer of that testimony and the sentence rendered was excessive. Finding no merit in these assignments, we affirm defendant’s conviction and sentence.

Facts

In the early morning hours of May 7, 1997, the Salvation Army Surplus Store in Monroe, Louisiana was burglarized. The police were first alerted to suspicious activity in the building area by an anonymous caller. Then, Audrey Ann Gober called the police and indicated that three African-American males were near the Salvation Army Surplus Store pushing a cart with items on it. The Monroe police responded and found Donald Morehead, Billy Haney and defendant pulling wheeled garbage cans down the street. The cans contained merchandise labeled with Salvation Army labels. Upon investigating, the *508 police found that the back door to the Salvation Army Surplus Store building had been pried opened. The police contacted John Seaberry, a supervisor at the Salvation Army Surplus Store, who stated that the back door to the thrift shop could only be locked from the inside and that it was locked on the night of May 6, 1997. The police then arrested Burns and the others.
12At defendant’s trial, Morehead testified that he and Haney thought of breaking into the Salvation Army Surplus Store building as they were walking the streets drinking that evening. Morehead said that after he and Haney gained entry into the building, they began to remove items and place them on a flat metal shopping cart located outside of the building. He remembered the entire burglary as having lasted just over an hour. Morehead stated that Haney wanted to go get help, because Haney was debilitated with an illness and was too weak to carry some of the merchandise.[2] Morehead testified that Haney disappeared for a short while and when Morehead came out of the building, Burns was present outside the door speaking with Haney. Burns then began to assist in loading the shopping cart during approximately the final twenty minutes of the burglary. Morehead said that he never saw Burns enter the building. After piling the items on the cart, the men left the scene pushing the shopping cart. However, apparently because the merchandise had a tendency to fall off the cart, the men transferred the items to three wheeled garbage cans which they were pushing or pulling when apprehended by the police.
Burns testified at trial in his own defense. He maintained his innocence stating that he first encountered Morehead and Haney in the front parking lot of the Salvation Army Surplus Store building and they were pushing a metal shopping cart piled with items. According to Burns, Haney told him that Morehead’s girlfriend had thrown him out of the house, that Morehead’s possessions were on the cart and that Haney was going to allow More-head to stay with him for a while. Because Haney was sick and having trouble with the cart, Burns offered to help push the cart. Burns admitted seeing Haney take the garbage cans from houses but denied going onto anyone’s property to get a garbage can and even said that he | ..¡warned Haney that he should not take the cans. Burns stated that Haney assured him he would return the garbage cans to their rightful owners. Until informed by the police, Burns testified that he did not know Morehead and Haney had burglarized the Salvation Army Surplus Store and he did not know the items in the garbage cans were stolen.
Based on all the evidence, a jury convicted Burns of simple burglary, as charged.

Sufficiency of the Evidence

The standard for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). For circumstantial evidence to sustain a conviction, upon assuming every fact to be proved that the evidence tends to prove, the evidence must exclude every reasonable hypothesis of innocence. State v. Cotton, 25,940 (La.App.2d Cir.3/30/94), 634 So.2d 937. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Id. Of course, it is always the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, *509 if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760. Where a trier of fact has made a rational determination, an appellate Ucourt should not disturb it. State v. Thomas, supra.; State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
La. R.S. 14:62 provides, in pertinent part:
“Simple burglary is the unauthorized entering of any ... structure ... with the intent to commit a felony or any theft therein ...”
Burns admits in his brief that the facts prove that a simple burglary took place yet argues that the evidence does not prove beyond a reasonable doubt that he was involved in the burglary. We note that a person does not have to be present or intimately involved with a crime to be considered a principal of the crime. “All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.” La. R.S. 14:24; State v. Mack, 30,832 (La.App.2d Cir.6/24/98), 715 So.2d 126.
Morehead and Burns gave two conflicting versions of Burns’ participation in the burglary. Morehead placed Burns at the scene of the crime in the alleyway or loading lane behind the shopping center in which the Salvation Army Surplus Store was located. Morehead’s account thus clearly evidences Burns’ participation in the crime as a principal despite his non-entry into the building. On the other hand, Burns stated that he did not meet up with the two burglars, Morehead and Haney, until after they had pushed their shopping cart into the large parking area of the shopping center in front of the surplus store. Burns thus claimed to be oblivious to the fact of the burglary which had occurred in the back alleyway.
While we believe that the jury could assess these two conflicting accounts and credit Morehead’s testimony over Burns for the conviction, evidence independent of these two burglars’ accounts was presented by the testimony of Ms. Gober. Gober was on her job en route to pick up railroad workers who were ^exiting a train on the tracks located behind the shopping center. As she was driving toward one end of the shopping center, she saw three men pushing a shopping cart and coming around the back corner of the building from the loading lane area. They turned up the side of the building at the end of the shopping center, and she drove within a few feet of them as they made it to the front corner of the building. Although she was unable to identify the men and did not see them on the parking lot a few minutes later as she drove back with the railroad workers, her testimony strongly tends to impeach the defendant’s version of events and corroborate Morehead’s account. Accordingly, we find there was sufficient evidence presented for the jury to find Burns guilty beyond a reasonable doubt.

Right to be Represented by Counsel of Choice

Burns claims the trial court erred when it refused to grant a continuance to allow him to be represented by a private attorney. After Burns’ arrest on the current charge, Charles Kincade was appointed his counsel on July 2, 1997. On the first day of trial, November 30, 1998, but prior to the jury being empaneled, Burns made an oral motion for a continuance to allow his privately retained attorney an opportunity to prepare for trial. Burns explained that he had been charged with another crime and had hired Charles Jones as his defense attorney in that matter and that he wanted Jones to also represent him at this trial. Burns indicated that he had spoken with Jones approximately one week prior to the commence *510 ment of trial on the current matter and informed him that he wanted Jones to be his attorney at this trial. The trial court noted that Jones had not made any type of appearance on Burns’ behalf in this matter and there was nothing in the file indicating Jones’ intent to enroll as his attorney. Further, noting that Kincade, Burns’ appointed attorney, was prepared for trial, the trial court denied Burns’ motion for a continuance.
| fiBurns argues that he has a right to be represented by counsel of his choice and that the trial court abused its discretion when it denied his motion for a continuance. He contends that his right to select counsel was abridged. Defendant further claims that no prejudice would have occurred in granting the continuance as only one witness was present and the jury had not been seated.
La.C.Cr.P. art. 707 provides that a motion for continuance will be in writing. However, under extenuating circumstances, an oral motion is sufficient. State v. Bullard, 29,662 (La.App.2d Cir.9/24/97), 700 So.2d 1051. La.C.Cr.P. art. 712 commits a motion for continuance to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a showing of abuse and specific prejudice. State v. Martin, 93-0285 (La.10/17/94), 645 So.2d 190, cert. denied, 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 260 (1995); State v. Gipson, 28,113 (La.App.2d Cir.6/26/96), 677 So.2d 544, writ denied, 96-2303 (La.1/31/97), 687 So.2d 402.
While a defendant has a right to counsel of his choice, this right cannot be manipulated to obstruct the orderly procedure of the court. The right must be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage of the proceedings. State v. Seiss, 428 So.2d 444 (La.1983).
We find that the trial court did not abuse its discretion in declining to grant the continuance. Burns’ testimony indicated that an earlier written motion could have been filed prior to the first day of trial, as he knew at least a week prior to trial that he wanted Jones to represent him. Burns’ right to choose his attorney cannot be used to abuse the judicial process. On the scheduled day of trial, the state was prepared to go forward, as was Burns’ appointed attorney. We hold that Burns has failed to show that any specific prejudice or abuse of discretion occurred. This assignment is without merit.

17Limitation of Witness’s Testimony

Burns next argues that the trial court erred when it did not allow Everette Rogers, the defendant’s stepfather, to testify or to proffer testimony concerning a conversation that Rogers had with Billy Haney before Haney’s death. Although a bench conference was held, the trial court did not disclose on the record its specific reasons for not allowing the testimony or the proffer. Therefore, the content of the conversation between Rogers and Haney is not known but Burns’ brief indicates that it would have been exculpatory in nature. Although Burns did not file a motion for a new trial, he did interpose his objection at trial and thus adequately preserved the issue for review.
La. C.E. art. 103(A) provides, in pertinent part:
“A. Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ...
(2) Ruling excluding evidence. WOien the ruling is one excluding evidence, the substance of the evidence was made known to the court by counsel.”
The courts have interpreted this to mean that when evidence has been excluded by the trial court, a defendant has a legal right to make an offer of proof outside the presence of the jury of what the attorney expected to prove. The purpose of a proffer is to preserve evidence excluded by the trial court so that the evidence is *511 available for appellate review. McLean v. Hunter, 495 So.2d 1298 (La.1986). Although the proper procedure was breached by the trial court not allowing a proffer of the evidence Burns wished to present, we nevertheless address the hearsay evidence which Burns argues was vital for his defense.
Burns admits the conversation between Haney and Rogers would be hearsay, but claims that it would be admissible under La. C.E. art. 804(B)(3) as a statement against interest. Burns contends that had the court allowed him to | ¡¡proffer the testimony, he would have shown that the declarant was deceased and that the statement would have been against his penal interest. Burns argues it may also be admissible as a dying declaration under La. C.E. art. 804(B)(2).
Haney was unavailable to testify as he had died approximately one week prior to the commencement of Burns’ trial as testified to by Morehead and the defendant. However, we first note that Burns points to no characteristics which would assure the reliability of Haney’s out-of-court statement. Haney apparently made the statement to Rogers, a relative of Burns, while Rogers was driving Haney to a place Haney could cash a check. Even in brief, Burns does not disclose the exact content of the conversation but merely states that because Rogers was called as a defense witness, it can be assumed Haney, in his statement, would have implicated himself and “may have exonerated [Burns] for this crime.” Despite this weak and ambiguous assertion regarding Haney’s statement, we will assume that Haney stated that Burns was not present in the alleyway during the time of the burglary. Would such statement in addition to Haney’s statement implicating himself have been admissible?
The Louisiana Supreme Court has recognized an exception to the hearsay rule for statements made against the de-clarant’s own penal interest. State v. Gilmore, 332 So.2d 789 (La.1976). Third-party testimony concerning such statements is allowed when the declarant himself is unavailable to testify. State v. Hudson, 361 So.2d 858 (La.1978). In order for such statements to be admissible, however, there must be indications that the statements are truly reliable. State v. Rushing, 464 So.2d 268 (La.1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986). In Rushing, the court stated that the assumption is that a person would not normally admit to the commission of a crime if it were not true, |flbut unless the statement is truly against the declarant’s penal interest, its reliability is suspect.
In a recent Louisiana Supreme Court case, the court stated,
“Moreover, the hearsay exception for declarations against penal interest ‘does not allow admission of non-self-inculpa-tory statements by accomplices, even if they are made within a broader narrative that is generally self-inculpatory.’ Williamson v. United States, 512 U.S. 594, 600-01, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). Accordingly, only the self-inculpatory parts of an accomplice’s confession should be admitted.”
State v. Lucky, 96-1687 (La.4/13/99), — So.2d -. Under this hearsay exception, the reliable portion of the statement would be any self-incriminating remark made by Haney which would be admissible against the declarant, Haney. We view that any other part of Haney’s statement which either exculpated Burns or inculpated another party lacks sufficient indicia of reliability and would be excluded as hearsay. Therefore, even without knowing the exact content of Haney’s statement, we hold that Rogers’ testimony was properly excluded as not falling within this hearsay exception.
We likewise find that Burns’ assertion that Haney’s statement could be considered a dying declaration is without merit. For a statement to be admissible as a dying declaration, the declarant must believe he is about to die and the contents of the statement must concern the circumstances of his death. State v. Timon, 28,747 (La.App.2d Cir.10/30/96), 683 So.2d *512 315, writ denied, 96-2880 (La.4/25/97), 692 So.2d 1081. From the record presented, Haney’s statements do not appear to have been made under the threat of imminent death as required by the code of evidence and the statement did not concern the circumstances of his death. Haney was at Rogers’ home seeking someone to drive him to cash a check. There is no indication Haney, or anyone else, believed Haney’s death to be imminent.
|1flWhile the trial court should have allowed Rogers’ testimony to be proffered, we find that Haney’s statement, which might have either exculpated Burns or inculpated another party, possessed insufficient indicia of reliability to be admissible as an exception to the hearsay rule.

Excessive Sentence

Burns finally contends that his sentence of 10 years at hard labor is excessive arguing that the evidence demonstrated that he did not participate in the planning or preparation of the crime, at most showing that Burns only helped move the merchandise. We do not agree.
The inquiry for a claim of excessive sentence is whether the sentence imposed is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Wilkerson, 29,979 (La.App.2d Cir.10/29/97), 702 So.2d 64. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Smith, 433 So.2d 688 (La.1983); State v. Wilkerson, supra.
During the sentencing hearing, the trial court noted that this constituted Burns’ third felony conviction with prior convictions for possession of stolen property and attempted simple burglary. At least once previously, defendant violated a probationary term and the probation was revoked. The trial court also observed that according to the presentence investigation report, at the time of sentencing on this matter, Burns was facing a pending charge for armed robbery.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a In sentence as excessive. State v. Rubalcava, 28,325 (La.App.2d Cir.5/8/96), 674 So.2d 1035. The sentencing range for conviction of simple burglary is, in addition to imposition of a fine, imprisonment with or without hard labor for not more than twelve years. La. R.S. 14:62. Considering the circumstances of this case including Burns’ prior criminal record, the sentence of 10 years, which is within the statutory limits and less than the maximum sentence, is not a manifest abuse of discretion and does not shock our sense of justice. The sentence is therefore not excessive.
We have reviewed the record for error patent, La.C.Cr.P. art. 920(2), and found none.

Conclusion

For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

. The other assignment of error was the trial court’s disallowing the filing of defendant's motion to suppress. Because Burns does not argue this assignment, we hold that it has been expressly abandoned. See URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1989).

. Haney died approximately one week prior to Burns’ trial.