608 So.2d 679 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
John A. TRAHAN, Defendant-Appellant.
No. Cr92-311.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
*680 Jack L. Simms, Jr., Leesville, for defendant-appellant.
Edwin L. Cabra, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before GUIDRY and CULPEPPER *, JJ., and SALOOM[*], J. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
The defendant, John A. Trahan, was charged by bill of information with simple burglary in violation of La.R.S. 14:62 and simple criminal damage to property amounting to $500.00, but less than $50,000.00, in violation of La.R.S. 14:56. The defendant pled guilty to both counts. The defendant was sentenced to serve four years at hard labor for simple burglary, to be served consecutively with any other sentence. He was sentenced to serve two years at hard labor for simple criminal damage to property to be served consecutively with any other sentence, but concurrent with the sentence for simple burglary. Defendant appeals, asserting one assignment of error, that the trial court imposed an excessive sentence.

FACTS
On May 17, 1991, the Vernon Parish Sheriff's Department received a complaint from Reverend Hardy Droddy of LaCamp, Louisiana, that his car had been stolen from his garage. Later that day a Vernon Parish deputy found the stolen vehicle and the two persons who had stolen it; the defendant, John Trahan, who was seventeen, and a fifteen year old juvenile. Both were residents of Pineville, Louisiana. They had stolen a car from Rapides Parish on May 16, 1991 to go to Leesville. After the car broke down they abandoned it at the Pitt Shop on Highway 28.
The next day they went to the residence of Mr. Droddy. The defendant entered the house and stole Mr. Droddy's car keys. They then took Mr. Droddy's car and wrecked it. Mr. Droddy has over $1,200.00 in damages from this incident.
Defendant was charged by bill of information on August 1, 1991, with simple burglary of an inhabited dwelling in violation of La.R.S. 14:62.2, theft of an automobile having a value of over $500.00 in violation *681 of La.R.S. 14:67 and simple criminal damage to property amounting to $500.00, but less than $50,000.00, in violation of R.S. 14:56. Defendant pled not guilty to each charge. Then on November 8, 1991, pursuant to a plea agreement, the state filed an amended bill of information charging the defendant with simple burglary in violation of La.R.S. 14:62, and simple criminal damage to property amounting to $500.00, but less than $50,000.00, in violation of La.R.S. 14:56. The defendant withdrew his former plea and entered a plea of guilty to both counts of the amended bill of information.
Prior to sentencing, a presentence investigation and report was ordered. On January 31, 1992, the trial court sentenced the defendant to serve four years at hard labor for simple burglary, to be served consecutively with any other sentence to which he was then subject. He also sentenced defendant to serve two years at hard labor for simple criminal damage to property, to be served consecutively with any other sentence to which he was then subject, but concurrent with the sentence imposed that same day for simple burglary.
The defendant appeals, asserting the trial court erred by imposing an excessive sentence.

LAW
The defendant asserts the trial judge did not give proper weight to sub-paragraphs (1), (5), (7), (8), (10) and (11) under Section B of La.C.Cr.P. art. 894.1 (1977), which states:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment;
(11) The imprisonment of defendant would entail excessive hardship to himself or his dependents.
However, these sentencing guidelines were no longer in effect at the time of defendant's sentencing. Defendant was sentenced on January 31, 1992. The controlling sentencing guideline is La.C.Cr.P. art. 894.1 (1991).
This article was to become effective January 1, 1992, or thirty days after the effective date of the sentencing guidelines promulgated by the Louisiana Sentencing Commission, whichever is later. The Louisiana Sentencing Commission adopted an emergency rule published in Volume 17, No. 12 of the Louisiana Register on December 20, 1991 stating:
As currently promulgated, the sentencing guidelines will take effect on January 20, 1992 with the publication of the Louisiana Register on that date. Thus, in order to have the guidelines and implementing legislation take effect on January 1, 1992, the emergency rulemaking is necessary.
Therefore, the Louisiana Sentencing Commission has adopted an emergency rule that the guidelines shall take effect on January 1, 1992 and shall remain in effect until final rules are published in the January 20, 1992 issue of the Louisiana Register.

Thus the sentencing guidelines became effective January 1, 1992. According to § 3 of Acts 1991, No. 38, La.C.Cr.P. art. 881.1 was not effective until January 31, 1992, thirty days after the effective date of the sentencing guidelines. The defendant was sentenced on January 31, 1992, the effective date of La.C.Cr.P. art. 881.1, and thus it is applicable.
La.C.Cr.P. art. 881.1 states:
Art. 881.1. Motion to reconsider sentence
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set *682 at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
The defense counsel objected to the sentence at the sentence hearing, but did not file a motion to reconsider defendant's sentence as mandated by La.C.Cr.P. art. 881.1, and thus the defendant is precluded from raising the claim of excessiveness on appeal.
However, even if La.C.Cr.P. art. 881.1 had been followed and a motion to reconsider defendant's sentence had been filed, the sentence would be upheld for the following reasons.
La.C.Cr.P. art. 894.1 provides that the trial court consider the sentencing guidelines when a defendant has been convicted of a felony. The court must state for the record the considerations taken into account. La.C.Cr.P. 894.1 states:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
B. A court may impose a sentence, which includes incarceration or other significant sanctions, which is appropriate under the sentencing guidelines notwithstanding any limitation on probation or suspension of sentence under the provisions of Article 893.
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
The language of La.C.Cr.P. 894.1 and 881.6 and 881.4(D) set forth that as long as the trial judge has considered the sentencing guidelines and states this in the record, he has discretion as to whether or not he actually complies with the guidelines. La. C.Cr.P. 881.6 and 881.4(D) provide:
Art. 881.4(D):
The appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed.
Art. 881.6:
No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
In order to find a sentence excessive, jurisprudence has held that the court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice. State v. Campbell, 404 So.2d 1205, (La.1981). State v. Howard, 414 So.2d 1210 (La.1982), held that a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion.
The sentencing guidelines are used as an aid in determining whether imposed sentences are excessive. To arrive at the designated sentencing range, the appropriate grid cell for each offense must be determined. In this case the grid in effect prior to May 20, 1992 must be used as defendant *683 was sentenced January 31, 1992. To determine the grid cell first determine the seriousness level of the offense in the tables and then calculate the criminal history index of the defendant.
The criminal seriousness level for simple burglary is "4" and "6" for simple criminal damage to property. To calculate the criminal history index two points are added for defendant's prior felony conviction of theft over $500.00, which has a seriousness level of "5". A prior level "5" felony conviction is two points. This prior conviction is in the same crime family as simple burglary and simple criminal damage to property, which are crimes under the category of offenses against property, excluding crimes with persons as the primary interest. Therefore, one-half point is added to defendant's criminal history index since his prior felony conviction is in the same family as the two instant crimes. This makes defendant's criminal history index score a 2.5, which is a criminal history classification of "D."
Thus the sentencing range for simple burglary is in grid cell 4D, which is 42-30 months. The sentencing range for simple criminal damage to property is in grid cell 6D and is 10-7 months suspended sentence with 150-100 sanction units. The grid cell for simple criminal damage to property is in the intermediate sanction zone. Intermediate sanctions are defined as:
La.S.G. § 207D(1)(a) and (b):
Intermediate sanctions include any sanction the court may impose other than incarceration in a jail or prison unless the term is served as periodic incarceration. Intermediate sanctions include, but are not limited to, probation, intensive supervision, periodic incarceration, home incarceration, community service, in-patient treatment, out-patient treatment, economic sanctions, and denial of privilege, such as driver's license.
The trial judge sentenced defendant to twenty-four months imprisonment for simple criminal damage to property and forty-eight months for simple burglary. Each sentence exceeds the maximum sentence in the appropriate grid cell. However, the sentencing guidelines provide a method for departing from the designated sentencing range:
4. When departing from the designated sentence range, the court shall:
a. pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history; and
b. state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor.
La.S.G. § 209(A)(4)(a) and (b).
The trial judge stated in sentencing the defendant that the grid level appeared to be 4D and then he mistakenly stated the designated sentence range and sanction units set forth in grid cell 5D, which was 24-36 months and sanction units of 110 to 165. The trial judge then sentenced the defendant to four years for simple burglary and two years for simple criminal damage to property, without stating whether both offenses fell within this range.
Thus the trial judge did not strictly comply with the sentencing guidelines, as he did not determine the appropriate grid cell for both convictions. However, his indication of a grid cell demonstrates he did consider the guidelines. The four year sentence for simple burglary exceeds the sentencing range by six months, but is within the statutory maximum of twelve years. The two year sentence for simple criminal damage to property exceeds greatly the sentencing range which is a 10-7 month suspended sentence with 150-100 sanction units. This two year sentence is the maximum set forth by the statute. However, since this two year sentence for simple criminal damage to property is to run concurrently with the four year sentence for simple burglary, there is no abuse of discretion.
The trial judge stated that he had considered the presentence report as well as the criminal history of defendant. He also stated he took into consideration the loss to the victim due to defendant's actions, and *684 the benefits the defendant received from the plea bargain.
The trial judge did comply with La. C.Cr.P. art. 894.1 by considering the sentencing guidelines. Strict compliance is discretionary. The sentences for the instant offenses are not excessive. The trial judge has wide discretion in imposing sentences and these sentences are not so grossly disproportionate to the severity of the crime as to shock our sense of justice.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, and Judge Kaliste J. Saloom, Jr., participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.