# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-702


STATE OF LOUISIANA

VERSUS

KEVIN PAUL JACOBS


**********


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 133,051
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE


**********


## MARC T. AMY
## JUDGE


**********


Court composed of Marc T. Amy, Michael G. Sullivan and Shannon James Gremillion, Judges.

### CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RESENTENCING.

Charles A. Riddle, III
District Attorney
Dan B. McKay, Jr.
Assistant District Attorney
Post Office Box 1200
Marskville, LA   71351
(318) 253-6587
COUNSEL FOR APPELLEE:
    State of Louisiana

W. Jarred Franklin
Louisiana Appellate Project
3001 Old Minden Road
Bossier City, LA   71112
(318) 746-7467
COUNSEL FOR DEFENDANT/APPELLANT:
    Kevin Paul Jacobs

AMY, Judge.

A jury found the defendant guilty of identity theft in violation of La.R.S. 14:67.16. He was sentenced to ten years at hard labor, with credit for time served since the date of his arrest. The defendant appeals, arguing there was insufficient evidence to prove his guilt beyond a reasonable doubt and that his sentence is excessive. For the reasons that follow, we affirm his conviction but order that his sentence be vacated and the matter be remanded to the trial court for resentencing.

## Factual and Procedural Background

The defendant, Kevin Paul Jacobs, was charged by bill of information with identity theft in an amount in excess of five hundred dollars in violation of La.R.S. 14:67.16. He pled not guilty to the offense. At trial, William Bennett testified that he possessed a credit card bearing account number 4264 2860 6285 1609 in January 2006. On or around January 15, 2006, he received a letter from the issuing company regarding suspect activity concerning his credit card. After contacting the company, Bennett learned of a failed attempt to use his credit card to purchase over five hundred dollars worth of merchandise at Wal-Mart and two successful purchases at gas stations. He testified that he did not authorize anyone to use his card.

Brandon Frelich testified at Jacobs' trial that he, Jacobs, and Camille—he did not know her last name—drove to a gas station in Camille's car. According to Frelich, Jacobs gave him a credit card bearing the name of William Bennett. Frelich then used the card to pay for nine cents worth of gas. The small amount of gas was a result of the card being declined. Frelich stated that they then went to a Shell station, where they purchased thirty dollars worth of gas. Thereafter, the three individuals went to Wal-Mart, where, according to Frelich, they all placed numerous items into a shopping cart. Frelich testified that Jacobs gave Frelich the credit card

to present to the cashier. He remembered the amount of the merchandise totaling approximately five hundred dollars. The credit card, however, was declined.

Wanda Jackson, a cashier at Wal-Mart, testified as to Wal-Mart's procedure regarding receipts. She identified the original receipt of the relevant attempted purchase and testified that it reflected that the amount of the aborted transaction was five hundred three dollars and thirty-seven cents.

Camille Swafford testified that she was dating Jacobs in January 2006. She stated that Jacobs was driving her car and that he and Frelich picked her up from Jacobs' house on January 14, 2006. She testified that they went to a Shell station, where Frelich bought gas with a credit card belonging to Bennett. She knew it was Bennett's card because Frelich showed it to her and Jacobs. After leaving the Shell station, according to Swafford, they went to Wal-Mart with the intent of purchasing personal items. She stated that Frelich presented the credit card to the cashier and that Jacobs knew the card being used belonged to Bennett. She stated that Bennett had not given her permission to use the card and that she did not have knowledge of him granting permission to Jacobs.

A jury found Kevin Jacobs guilty of identity theft. The trial court sentenced him to serve ten years in prison. Jacobs filed a Motion to Reconsider Sentence, which was denied. He also filed a Motion for Recusal. When the trial court denied the Motion for Recusal, he filed a supervisory writ application. Finding no error in the trial court's denial of the motion, this court denied the writ application. *See State v. Jacobs*, an unpublished writ opinion bearing docket number 07-858 (La.App. 3 Cir. 8/7/07), *writ denied*, 07-1789 (La. 9/28/07), 964 So.2d 349.

Jacobs appeals, contending there was insufficient evidence to prove his guilt beyond a reasonable doubt and his sentence is excessive. For the following reasons, we affirm the conviction but order that the sentence be vacated due to an error patent.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920,[1] all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent: the trial court imposed an illegal sentence. Jacobs was convicted of identity theft of $500.00 or more, but less than $1,000.00. The trial court sentenced him to serve ten years at hard labor. Louisiana Revised Statutes 14:67.16(C)(2), at the time of the offense, provided, in pertinent part:

> Whoever commits the crime of identity theft when credit, money, goods, services, or anything else of value is obtained which amounts to a value of five hundred dollars or more, but less than one thousand dollars, shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than five thousand dollars, or both.

The trial court sentenced Jacobs to a sentence beyond that authorized by law; accordingly, we find Jacobs' ten year sentence illegal. Louisiana Code of Criminal Procedure Article 882[2] allows an appellate court to correct an illegal sentence on

---

[1] Louisiana Code of Criminal Procedure Article 920 provides:

> The following matters and no others shall be considered on appeal:

> (1) An error designated in the assignment of errors; and

> (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

[2] Louisiana Code of Criminal Procedure Article 882 provides:

> A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.

review. "However, if correction involves the exercise of sentencing discretion ... the case must be remanded for the trial court to perform that function." *State v. Gregrich*, 99-178, p. 3 (La.App. 3 Cir. 10/13/99), 745 So.2d 694, 695, quoting *State v. Fraser*, 484 So.2d 122 (La.1986). Consequently, we vacate the sentence and remand the matter to the trial court for resentencing.

*Sufficiency of Evidence*

In his first assignment of error, Jacobs argues there was insufficient evidence to convict him of identity theft. In *State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371, this court discussed the standard of review to be used in addressing a sufficiency review:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has

---

B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:

(1) In an appealable case by appeal; or

(2) In an unappealable case by writs of certiorari and prohibition.

C. Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.

satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

At the time of the offense, identity theft was defined as: "the intentional use or attempted use with fraudulent intent by any person of any personal identifying information of another person to obtain, whether contemporaneously or not, credit, money, goods, services, or anything else of value without the authorization or consent of the other person." La.R.S. 14:67.16(B). Louisiana Revised Statutes 14:67.16(A)(2) further explains that "personal identifying information" includes an individual's credit card number.

Jacobs claims that the State put forth "no evidence showing that he ever used or attempted to use Bennett's credit card to obtain goods, services, or money." He asserts, instead, that he was tied to the offense only "on the theory of principals." "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." La.R.S 14:24.

Jacobs further asserts that the State, in an effort to link him to the offense of identity theft, relied solely on "the unreliable, incredible, and contradictory testimony of Swafford and Frelich[.]" In support of this argument, he points to the fact that both Swafford and Frelich, who initially denied any involvement in the crime, accepted the State's plea bargain, changed their stories, and pled guilty to identity theft shortly before the trial started. In so doing, both co-defendants implicated Jacobs. He claims that the benefits of the plea bargain, namely a suspended sentence for Swafford and a concurrent sentence for Frelich that resulted in no additional time in prison, rendered their testimony unreliable insomuch as the avoided incarceration gave them

5

both "ample motivation to lie." He adds that Frelich's prior convictions for simple burglary, drug possession, and shoplifting and Swafford's prior convictions for possession of marijuana also render their credibility questionable.

Further, Jacobs points to the inconsistency in the testimony of Frelich and Swafford. He urges the court to consider the fact that Frelich testified that Jacobs gave him the card to pay for gas, while Swafford stated that Frelich had the card all along and showed it to her and the defendant. This testimony from Swafford is the basis for Jacobs' next contention that the State did not prove he knew the credit card was stolen, insomuch as her testimony, while stating the fact that Frelich showed him the credit card, lacked reference to whether he knew that Frelich was not authorized to use the card.

Had the jury accepted Swafford's testimony alone, the State may have failed in proving Jacobs' requisite intent. *See State v. Tate*, 01-1658, pp. 7-8 (La. 5/20/03), 851 So.2d 921, 930, *cert. denied*, 541 U.S. 905, 124 S.Ct. 1604 (2004), wherein the supreme court stated, "An individual may be convicted only for those crimes for which he personally has the requisite intent. It is not enough that his accomplice have the intent, the State must prove that the defendant had the required mental element." However, the jury heard the testimony of both Frelich and Swafford and chose to believe Frelich's testimony regarding the defendant possessing the card and handing it to Frelich to purchase gas and merchandise. Based on this narration of the facts and Bennett's testimony that his home had been burglarized and that he never authorized anyone to use his credit card, we are satisfied that the State proved that the defendant had the required mental element. "Credibility determinations are within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the

6

evidence." *State v. Marshall*, 04-3139, p. 9 (La. 11/29/06), 943 So.2d 362, 369. Accordingly, the State proved beyond a reasonable doubt that Jacobs was guilty of the offense of identity theft in an amount greater than five hundred dollars.

*Excessive Sentence*

Because we identified an error patent which requires the defendant's sentence to be vacated, we will not address Jacobs' second assignment error.

**DECREE**

For the foregoing reasons, Jacobs' conviction of identity theft is affirmed. However, Jacobs' sentence is vacated, and the matter is remanded to the trial court for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED FOR RESENTENCING.**