EDWIN A. LOMBARD, Judge.
hThe defendant appeals his conviction and sentence for simple burglary in violation of La.Rev.Stat. 14:62, arguing that the evidence is insufficient to support the conviction and that his sentence is excessive. After review of the record in light of the applicable law and arguments of the parties, we affirm the defendant’s conviction and sentence.

Relevant Facts and Procedural History

In the early morning hours of June 30, 2009, between 2:00 and 4:00 a.m., Ms. Chy-vette Hays heard a loud noise that sounded like a gunshot. She looked out the window to the back of the property at 901 Jackson Avenue, owned by Harold Mitchell, and saw two men in the back of the house. She recognized one of the men as the defendant, whom she had known since 2001. Ms. Hays had an unobstructed view of the defendant’s face; he was not wearing a mask, and the area was well lit. As she looked closer, she saw that the defendant had a room air conditioning unit in his hands. She called Mr. Mitchell and advised him of the incident. When he arrived at the property, Mr. Mitchell saw that the back door was open and that an upstairs window air conditioner was missing. He reported the burglary and the police arrived approximately forty-five minutes later.
| ?The next day, Ms. Hays was interviewed by the police and she identified the defendant’s picture as the man who removed the air conditioner from Mr. Mitchell’s property.
On September 18, 2009, the State charged the defendant with simple burglary, a violation of La.Rev.Stat. 14:62. He *430 pleaded not guilty at his arraignment on September 23, 2009. On November 19, 2009, the trial court denied the Motion to Suppress the Evidence and found probable cause.
The following evidence was adduced at the defendant’s trial on February 1, 2004. Mr. Mitchell, Ms. Hays, and Detective Kristen Krezemieniecki, the investigating officer testified. Detective Krezemieniecki stated that she investigated the burglary of the unoccupied residence at 901 Jackson Avenue belonging to Mr. Mitchell. Mr. Mitchell informed her that he received a telephone call from his neighbor, Ms. Hays, advising him that his property had been burglarized by the defendant, who removed a window air conditioning unit. The detective spoke to Ms. Hays a few days after the incident. Ms. Hays indicated that she had known the defendant from the neighborhood since about 2001 and gave her description of the defendant and a possible home address for him. From her discussion with Ms. Hays, Detective Krezemieniecki obtained a photograph of the defendant, which Ms. Hays positively identified as the burglar. Mr. Mitchell testified that he did not give the defendant permission to be in his property, nor did he authorize the defendant to remove the window air conditioner. Ms. Mitchell testified as to what she witnessed and identified the defendant as the perpetrator. At the conclusion of trial, the jury found the defendant guilty as charged.
On March 4, 2010, the trial court sentenced him to ten years at hard labor, with credit for time served. The defendant’s Motion for Post-Verdict Judgment of | oAcquittal was denied, as was his Motion to Reconsider Sentence. This appeal follows.

Errors Patent

A review for errors patent on the face of the record reveals none.

Counsel Assignment of Error

In this assignment, the defendant argues that his ten year sentence for simple burglary is unconstitutionally excessive.
In State v. Landry, 2003-1671, pp. 7-9 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240, this Court set forth the standard for reviewing an excessive sentence claim:
La. Const, art. I, § 20 explicitly prohibits] excessive sentences. State v. Baxley, 94-2982, p. 4 (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Francis, 96-2389, pp. 6-7 (La.App.4Cir.4/15/98), 715 So.2d 457, 461. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley supra. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 676. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Baxley, 94-2982 at p. 10, 656 So.2d at 979.
In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La.Code Crim Proc. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. *431 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189. If adequate compliance with La. C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the |4circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Bonicard, 98-0665, p. 3 (La.App. 4 Cir. 8/4/99), 752 So.2d 184, 185.
However, in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819 this court stated:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
In State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:
On appellate review of sentence, the only relevant question is “ ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
The defendant in this case was convicted of simple burglary, which carries a fíne of two thousand dollars and imprisonment with or without hard labor for not more than twelve years, or both. La.Rev. Stat. 14:62(B). The trial judge imposed a ten year sentence, rather than the maximum of twelve, and no fine. Although it does not appear from the record that the trial judge articulated the factual basis for the sentence, it is apparent from the sentencing transcript that the defendant was on parole at the time he was sentenced for the present conviction, and the State noted its intent to file a multiple bill of information. In selecting a proper sentence, a |fitrial judge is not limited to considering only a defendant’s prior convictions, but may properly review all prior criminal activity. State v. Russell, 40,526 (La.App.2d Cir.1/27/05), 920 So.2d 866. The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Estes, 42,093 (La.App.2d Cir.5/9/07), 956 So.2d 779.
In this instance, the trial court heard eyewitness testimony from Ms. Chyvette Hays, who lived next door to the burgled property. Ms. Hays stated that she knew the defendant from the neighborhood, and gave the police an address where they could find the defendant. She further stated that she saw the defendant jump from the victim’s property to the ground, and then saw him reach into the house and remove the window air conditioner unit. Although the trial court did not articulate *432 reasons for the sentence, considering that the State asserted that it intended to file a multiple bill, coupled with the fact that the defendant was on parole at the time he committed the present offense, the record shows an adequate factual basis for the sentence imposed. Moreover, other circuits have upheld greater sentences for first offenders convicted of simply burglary. See State v. Morris, 719 So.2d 1076 (La.App. 5 Cir.1998) (upholding twelve-year sentence based upon the damages stemming from burglary despite the defendant’s lack of criminal record); State v. Johnson, 457 So.2d 732 (La.App. 2 Cir.l984)(upholding twelve-year sentence of first offender for burglary of a warehouse, even though the presentence investigation showed that the defendant |fihad no prior criminal record). The defendant’s excessive sentence claim has no merit.

Pro Se Assignment of Error

In a pro se assignment of error, the defendant complains that the evidence is insufficient to support the conviction.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Black, 2009-1664 (La.App. 4 Cir. 6/17/10), 41 So.3d 1243 citing State v. Rosiere, 488 So.2d 965 (La.1986). In a case where there is no physical evidence to link a defendant to the crime charged, the testimony of one witness, if believed by the trier of fact, is sufficient support for a factual conclusion required for a verdict of guilty. State v. Marcantel, 2000-1629, p. 9 (La.4/3/02), 815 So.2d 50, 56.
In this case, Ms. Chyvette, an eyewitness, testified that she heard a loud noise coming from the property next door. When she looked out her dining room window, she saw the defendant removing an air conditioning unit from Mr. Mitchell’s property. Clearly, the jury believed the testimony of Ms. Chyvette and concluded that the defendant was guilty of simple burglary of the Jackson Avenue property. This assignment of error is without merit.

Conclusion

The defendant’s conviction and sentence are affirmed.
AFFIRMED.