# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-772

**STATE OF LOUISIANA**

**VERSUS**

**CHARLES D. SOILEAU**

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 93241-F
HONORABLE JOHN L. VIDRINE, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.

**SIMPLE CRIMINAL DAMAGE TO PROPERTY SENTENCE VACATED AND REMANDED FOR RESENTENCING. SIMPLE BURGLARY AND THEFT OF $1500 OR GREATER SENTENCES AFFIRMED.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
   **Charles Soileau**

**Trent Brignac**
**District Attorney**
**Julhelene E. Jackson**
**Assistant District Attorney**
**Post Office Box 780**
**Ville Platte, LA   70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**AMY, Judge.**

The defendant pled guilty to multiple offenses in connection with a burglary in Evangeline Parish. The trial court sentenced the defendant to ten years at hard labor for the defendant's simple burglary conviction, eight years at hard labor for his theft of $1,500 or greater conviction, and two years at hard labor for his simple criminal damage less than $500 conviction. The trial court ordered that all of the defendant's sentences run concurrently with each other and with his other pending cases, but consecutively to the defendant's probation and parole revocations. The defendant now appeals. For the following reasons, we vacate the defendant's sentence for simple criminal damage less than $500, remand for resentencing on that charge, and affirm the defendant's remaining sentences.

## Factual and Procedural Background

The defendant, Charles Soileau, was arrested in connection with several burglaries in Evangeline Parish, which resulted in multiple charges under several docket numbers, including the charges at issue herein. With regard to the instant charges, the defendant pled guilty to simple burglary, a violation of La.R.S. 14:62; theft of $1,500 or greater, a violation of La.R.S. 14:67(B)(1); and simple criminal damage to property less than $500, a violation of La.R.S. 14:56(B)(1).

The trial court subsequently imposed sentence. For the defendant's simple burglary conviction, the trial court imposed a sentence of ten years. For the defendant's theft of $1,500 or greater conviction, the trial court imposed a sentence of eight years. For the defendant's simple criminal damage to property less than $500 conviction, the trial court imposed a sentence of two years. The trial court ordered that all of the defendant's sentences be served at hard labor and that they be served concurrently with each other and with the defendant's other current

offenses.[1] However, the trial court ordered that the defendant's sentences be imposed consecutively to his parole and probation revocations.

The defendant appeals, asserting that his sentence is unconstitutionally excessive.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. Our error patent review reveals one error which requires correction concerning the defendant's sentence for simple criminal damage to property less than $500. Simple criminal damage to property less than $500 is punishable by imprisonment for not more than six months, a fine of not more than $1,000, or both. La.R.S. 14:56(B)(1). The record indicates that the trial court sentenced the defendant to two years at hard labor on this conviction, which exceeds the maximum penalty allowable under La.R.S. 14:56(B)(1). An appellate court may correct an illegal sentence pursuant to La.Code Crim.P. art. 882. However, if correcting the illegal sentence involves the exercise of sentencing discretion, the appellate court must remand the matter to the trial court. *State v. Jacobs*, 08-702 (La.App. 3 Cir. 2/4/09), 2 So.3d 1289. Accordingly, we vacate the defendant's sentence for simple criminal damage to property less than $500 and remand the matter to the trial court for resentencing.

*Excessive Sentence*

The defendant contends that his sentences are unconstitutionally excessive. Our review of the record reveals that the defendant did not file a motion to

---

[1] The defendant's sentences in those matters are on appeal in *State v. Charles Soileau*, 13-770 (La.App. 3 Cir. _/_/_), __ So.3d __, and *State v. Charles Soileau*, 13-771 (La.App. 3 Cir. _/_/_), __ So.3d __.

reconsider sentence nor did he orally object to the sentences imposed at the sentencing hearing. Thus, review of the defendant's sentences is limited to whether the sentences imposed are unconstitutionally excessive. *State v. Casimer*, 12-678 (La.App. 5 Cir. 3/13/13), 113 So.3d 1129.

Both the United States and Louisiana constitutions guarantee that no person shall be subject to cruel and unusual punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. A sentence is excessive when a reviewing court finds that the penalty is "so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. The trial court has broad sentencing discretion, and a sentence within statutory limits will not be set aside absent a manifest abuse of that discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067. However, sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979).

In reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

3

While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

The record indicates that the defendant's offenses stem from the burglary of Pamela Beecher's home. At the defendant's plea hearing, the State indicated that the defendant and his accomplices entered Ms. Beecher's home, causing damage. The State also stated that the defendant stole jewelry, including a diamond bridal ring and a laptop. At the sentencing hearing, Ms. Beecher indicated that her heirloom jewelry had not been recovered and that it is irreplaceable.

At the time of his guilty plea, the defendant was twenty-nine years old. According to the defendant, he started using drugs when he was twelve years old and, after attending several treatment programs, stopped using drugs when he was twenty-four years old. The defendant stated that he began using drugs, including Xanax and methadone, again after he was involved in a "bad wreck." The record indicates that the defendant is married, has three children, and worked regularly until his 2010 conviction for distribution of Schedule II narcotics. Further, although the defendant dropped out of school in the seventh grade, he has since completed his GED.

The pre-sentence investigation ordered by the trial court indicates that the defendant has a juvenile record and several prior adult felony convictions. In 2005, the defendant pled guilty to simple burglary and theft greater than $500. For those convictions, the defendant was sentenced to three years hard labor on each count, to run concurrently. However, his term of imprisonment was suspended and

4

he was placed on three years supervised probation. The record indicates that the defendant successfully completed his probation and received a first offender pardon. In 2010, the defendant was convicted of distribution of Schedule II narcotics and was sentenced to ten years at hard labor. Seven years of that term of imprisonment were suspended, and the defendant was placed on five years active probation upon his release from incarceration. The defendant was placed on parole in 2011. However, the defendant's parole was revoked in February of 2012 and his probation was revoked in March of 2012 on the basis that he remained criminally active, failed to comply with substance abuse treatment, and failed to pay his supervision fees.

The defendant's sentence for simple criminal damage to property less than $500 has been addressed above. The defendant pled guilty to simple burglary, a violation of La.R.S. 14:62. Simple burglary is punishable by a fine of not more than $2,000, imprisonment with or without hard labor for not more than twelve years, or both. La.R.S. 14:62(B). The defendant was sentenced to ten years at hard labor for this conviction. In *State v. Burns*, 32,904 (La.App. 2 Cir. 2/1/00), 750 So.2d 505, the second circuit upheld a ten-year sentence for simple burglary where the defendant had two prior felony convictions, including one for attempted simple burglary, and had previously had his probation revoked. *See also State v. Stanfield*, 10-854 (La.App. 4 Cir. 1/19/11), 56 So.3d 428, *writ denied*, 11-266 (La. 6/3/11), 63 So.3d 1007.

The defendant also pled guilty to theft of $1,500 or greater, a violation of La.R.S. 14:67.[2] Theft of $1,500 or greater is punishable by imprisonment with or

---

[2] We note that the sentencing exposure and classifications in La.R.S. 14:67 were amended by the legislature in 2010. *See* 2010 La. Acts 585.

without hard labor for not more than ten years, a fine of not more than $3,000, or both. La.R.S. 14:67(B)(1). The defendant was sentenced to eight years at hard labor for this conviction. Maximum or near-maximum sentences are reserved for the worst offenders. *State v. Fontenot*, 09-624 (La.App. 3 Cir. 12/9/09), 25 So.3d 225. In *State v. Brown*, 09-10 (La.App. 1 Cir. 9/11/09) (unpublished opinion), the first circuit upheld maximum sentences for theft greater than $500 and attempted theft greater than $500 where the defendant was a third-felony offender who, along with her accomplices, shop-lifted multiple items from a busy store and fled to avoid capture.

Based on our review of the record, we find that the defendant's sentences are not excessive. The defendant has prior felony convictions for simple burglary, theft, and distribution of Schedule II narcotics. Further, the record indicates the defendant was on parole and/or probation at the time of the instant offenses, which were committed less than six months after the defendant's release from prison. Additionally, at the time of his guilty plea for the charges herein, the defendant was awaiting sentencing on several similar charges. Although the trial court sentenced the defendant to maximum or near-maximum penalties, we note that the defendant received a significant reduction in the total maximum penalty because the trial court ordered that his sentences be served concurrently with each other and with his other pending offenses.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, the defendant, Charles Soileau's, sentence for simple criminal damage to property less than $500 is vacated and the matter is

remanded to the trial court for resentencing.  The defendant's remaining sentences for simple burglary and theft of $1500 or greater are affirmed.

**SIMPLE CRIMINAL DAMAGE TO PROPERTY SENTENCE VACATED AND REMANDED FOR RESENTENCING.  SIMPLE BURGLARY AND THEFT OF $1500 OR GREATER SENTENCES AFFIRMED.**