# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 13-770


**STATE OF LOUISIANA**

**VERSUS**

**CHARLES D. SOILEAU**


APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 91385-F
HONORABLE JOHN L. VIDRINE, DISTRICT JUDGE


## CONSOLIDATED WITH


## 13-771


**STATE OF LOUISIANA**

**VERSUS**

**CHARLES D. SOILEAU**


APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 91393-F
HONORABLE JOHN L. VIDRINE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Charles Soileau**

**Trent Brignac**
**District Attorney**
**Julhelene E. Jackson**
**Assistant District Attorney**
**Post Office Box 780**
**Ville Platte, LA   70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**AMY, Judge.**

The defendant pled guilty to multiple offenses in connection with several burglaries in Evangeline Parish. In docket number 91385-F, the trial court sentenced the defendant to ten years at hard labor on each count for the defendant's two convictions for simple burglary, five years at hard labor for his theft greater than $500 but less than $1,500 conviction, eight years at hard labor for his theft of $1,500 or greater conviction, two years at hard labor for his simple criminal damage of $500 or more but less than $50,000 conviction, and eight years at hard labor for his theft of a firearm (first offense) conviction. The trial court ordered that all of the defendant's sentences run concurrently with each other and with his other pending cases, but consecutively to the defendant's probation and parole revocations.

In docket number 91393-F, the trial court sentenced the defendant to ten years at hard labor for the defendant's simple burglary conviction, eight years at hard labor for his theft of $1,500 or greater conviction, two years at hard labor for his simple criminal damage of $500 or more but less than $50,000 conviction, and eight years at hard labor for his theft of a firearm (first offense) conviction. The trial court ordered that all of the defendant's sentences run concurrently with each other and with his other pending cases, but consecutively to the defendant's probation and parole revocations.

The defendant now appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The defendant, Charles Soileau, was arrested in connection with several burglaries in Evangeline Parish, which resulted in multiple charges under several docket numbers.

With regard to the charges filed in docket number 91385-F, the record indicates that the defendant's offenses stem from the burglary of the homes of Travis Lafleur and Joey Fontenot. At the defendant's plea hearing, the State stated that the defendant forced entry into the victims' homes and stole firearms and personal items, including jewelry.

The defendant ultimately pled guilty to two counts of simple burglary, violations of La.R.S. 14:62; theft greater than $500 but less than $1,500, a violation of La.R.S. 14:67(B)(2); theft of $1,500 or greater, a violation of La.R.S. 14:67(B)(1); simple criminal damage to property of $500 or more but less than $50,000, a violation of La.R.S. 14:56(B)(2); and theft of a firearm (first offense), a violation of La.R.S. 14:67.15(C)(1).

The trial court subsequently imposed sentence. For each of the defendant's simple burglary convictions, the trial court imposed a sentence of ten years. For the defendant's theft greater than $500 but less than $1,500 conviction, the trial court imposed a sentence of five years. For the defendant's theft greater than $1,500 conviction, the trial court imposed a sentence of eight years. For the defendant's simple criminal damage to property of $500 or more but less than $50,000 conviction, the trial court imposed a sentence of two years. For the defendant's theft of a firearm (first offense) conviction, the trial court imposed a sentence of eight years. The trial court ordered that all of the defendant's sentences be served at hard labor and that they be served concurrently with each other and with the defendant's other current offenses.[1] However, the trial court

---

[1] The defendant's appeals concerning the sentences imposed in docket numbers 91385-F and 91393-F were consolidated for purposes of briefing and oral argument. The defendant's

ordered that the defendant's sentences be imposed consecutively to his parole and probation revocations.

*Docket Number 91393-F*

With regard to the charges filed under docket number 91393-F, according to the record, the defendant's offenses stem from the burglary of the home of Kent Fontenot. At the defendant's plea hearing, the State indicated that the defendant broke into the victim's home, damaging the front door. The State also indicated that the defendant stole personal items, including firearms and jewelry.

The defendant subsequently pled guilty to simple burglary, a violation of La.R.S. 14:62; theft of $1,500 or greater, a violation of La.R.S. 14:67(B)(1); simple criminal damage to property of $500 or more but less than $50,000, a violation of La.R.S. 14:56(B)(2); and theft of a firearm (first offense), a violation of La.R.S. 14:67.15(C)(1).

Thereafter, the trial court conducted a sentencing hearing. For the defendant's simple burglary conviction, the trial court imposed a sentence of ten years. For the defendant's theft of $1,500 or greater conviction, the trial court imposed a sentence of eight years. For the defendant's simple criminal damage to property of $500 or more but less than $50,000 conviction, the trial court imposed a sentence of two years. For the defendant's theft of a firearm (first offense) conviction, the trial court imposed a sentence of eight years. The trial court ordered that all of the defendant's sentences be served at hard labor and that they be served concurrently with each other and with the defendant's other current

---

sentences in docket number 93241-F are currently on appeal in *State v. Charles Soileau*, 13-772 (La.App. 3 Cir. _/_/_), __ So.3d __.

offenses. However, the trial court ordered that the defendant's sentences be imposed consecutively to his parole and probation revocations.

The defendant appeals, asserting that his sentences are unconstitutionally excessive.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. We note no errors requiring action by this court.

*Excessive Sentence Claims*

In his appellate brief, the defendant contends that his sentences imposed in both docket numbers 91385-F and 91393-F are unconstitutionally excessive. The record indicates that a single sentencing hearing was held for docket numbers 91385-F, 91393-F, and 93241-F. Our review of the record reveals that the defendant did not file a motion to reconsider sentence nor did he orally object to the sentences imposed at the sentencing hearing. Thus, review of the defendant's sentences is limited to whether the sentences imposed are unconstitutionally excessive. *State v. Casimer*, 12-678 (La.App. 5 Cir. 3/13/13), 113 So.3d 1129.

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so

grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

The record reveals that the defendant and his wife testified at the sentencing hearing, and that the trial court ordered a pre-sentence investigation. At the time of his guilty plea, the defendant was twenty-nine years old. According to the defendant, he started using drugs when he was twelve years old and, after attending several treatment programs, stopped using drugs when he was twenty-four years old. The defendant stated that he began using drugs again after he was involved in

5

a "bad wreck." The record indicates that the defendant is married, has three children, and worked regularly until his 2010 conviction for distribution of Schedule II narcotics. Further, although the defendant dropped out of school in the seventh grade, he has since completed his GED.

The pre-sentence investigation ordered by the trial court indicates that the defendant has a juvenile record and several prior adult felony convictions. In 2005, the defendant pled guilty to simple burglary and theft greater than $500. For those convictions, the defendant was sentenced to three years hard labor on each count, to run concurrently. However, his term of imprisonment was suspended and he was placed on three years supervised probation. The record indicates that the defendant successfully completed his probation and received a first offender pardon. In 2010, the defendant was convicted of distribution of Schedule II narcotics and was sentenced to ten years at hard labor. Seven years of that term of imprisonment were suspended, and the defendant was placed on five years active probation upon his release from incarceration. The defendant was placed on parole in 2011. However, the defendant's parole was revoked in February of 2012 and his probation was revoked in March of 2012 on the basis that he remained criminally active, failed to comply with substance abuse treatment, and failed to pay his supervision fees.

*Docket Number 91385-F*

In this matter, the defendant pled guilty to two counts of simple burglary, violations of La.R.S. 14:62. The defendant was sentenced to ten years at hard labor on each count. Additionally, the defendant pled guilty to theft greater than

$500 but less than $1,500, a violation of La.R.S. 14:67.[2] The defendant was sentenced to five years imprisonment for this conviction. The defendant also pled guilty to theft of $1,500 or greater, a violation of La.R.S. 14:67. The defendant was sentenced to eight years at hard labor for this conviction.

The defendant also pled guilty to simple criminal damage to property amounting to $500 or more but less than $50,000, a violation of La.R.S. 14:56. The defendant was sentenced to the maximum term of imprisonment, two years at hard labor. Finally, the defendant pled guilty to theft of a firearm (first offense), a violation of La.R.S. 14:67.15. The defendant was sentenced to eight years at hard labor for this conviction.[3]

*Docket Number 91393-F*

The defendant pled guilty to simple burglary, a violation of La.R.S. 14:62. The defendant was sentenced to ten years at hard labor for this conviction. The defendant also pled guilty to theft of $1,500 or greater, a violation of La.R.S. 14:67. The defendant was sentenced to eight years at hard labor for this conviction. Further, the defendant pled guilty to simple criminal damage to property amounting to $500 or more but less than $50,000, a violation of La.R.S. 14:56. The defendant was sentenced to the maximum term of imprisonment, two years at hard labor. Finally, the defendant pled guilty to theft of a firearm (first offense), a violation of La.R.S. 14:67.15. The defendant was sentenced to eight

---

[2] We note that the sentencing exposure and classifications in La.R.S. 14:67 were amended by the legislature in 2010. *See* 2010 La. Acts 585.

[3] Although the trial court did not state that the defendant's sentence for theft of a firearm was to be served without the benefit of probation, parole, or suspension of sentence, pursuant to La.R.S. 15:301.1(A), the defendant's sentence is deemed to contain those restrictions.

years at hard labor for this conviction.[4]

Simple burglary is punishable by a fine of not more than $2,000, imprisonment with or without hard labor for not more than twelve years, or both. La.R.S. 14:62(B). The defendant's ten-year sentences are within the statutory limit. We observe that, in *State v. Burns*, 32,904 (La.App. 2 Cir. 2/1/00), 750 So.2d 505, the second circuit upheld a ten-year sentence for simple burglary where the defendant had two prior felony convictions, including one for attempted simple burglary, and had previously had his probation revoked. *See also State v. Stanfield*, 10-854 (La.App. 4 Cir. 1/19/11), 56 So.3d 428, *writ denied*, 11-266 (La. 6/3/11), 63 So.3d 1007.

Theft greater than $500 but less than $1,500 is punishable by imprisonment, with or without hard labor, for not more than five years, a fine of not more than $2,000, or both. La.R.S. 14:67(B)(2). Theft of $1,500 or greater is punishable by imprisonment with or without hard labor for not more than ten years, a fine of not more than $3,000, or both. La.R.S. 14:67(B)(1). The defendant's five-year sentence for theft greater than $500 but less than $1,500 is the maximum statutory term of imprisonment. The defendant's eight-year sentences for his two theft greater than $1,500 convictions are within the statutory limit.

Maximum or near-maximum sentences are reserved for the worst offenders. *State v. Fontenot*, 09-624 (La.App. 3 Cir. 12/9/09), 25 So.3d 225. In *State v. Brown*, 09-10 (La.App. 1 Cir. 9/11/09) (unpublished opinion), the first circuit upheld maximum sentences for theft greater than $500 and attempted theft greater than $500 where the defendant was a third-felony offender who, along with her

---

[4] Although the trial court did not state that the defendant's sentence for theft of a firearm was to be served without the benefit of probation, parole, or suspension of sentence, pursuant to La.R.S. 15:301.1(A), the defendant's sentence is deemed to contain those restrictions.

accomplices, shop-lifted multiple items from a busy store and fled to avoid capture.

Simple criminal damage to property amounting to $500 or more but less than $50,000 is punishable by a fine of not more than $1,000, imprisonment with or without hard labor for not more than two years, or both. La.R.S. 14:56(B)(2). For each of his two convictions for this charge, the defendant was sentenced to the maximum permissible term of imprisonment, two years at hard labor. In *State v. Trahan*, 608 So.2d 679 (La.App. 3 Cir. 1992), the defendant stole a car and wrecked it, causing over $1,200 in damages. The defendant was sentenced to a four-year hard labor sentence for his simple burglary conviction and a two-year hard labor sentence for his conviction for simple criminal damage to property. The trial court ordered that the defendant's sentences run concurrently with each other and consecutively to any other sentence. A panel of this court found that, because the simple criminal damage sentence was to run concurrently with the simple burglary sentence, there was no abuse of discretion. *Id.*

Finally, theft of a firearm (first offense), a violation of La.R.S. 14:67.15, is punishable by imprisonment with or without hard labor for not less than two years nor more than ten years, without the benefit of probation, parole, or suspension of sentence, and a fine of $1,000. La.R.S. 14:67.15(C)(1). The defendant was sentenced to eight years at hard labor for each of his two convictions for theft of a firearm (first offense). In *State v. Hawkins*, 06-1599 (La.App. 3 Cir. 5/2/07), 956 So.2d 146, *writ denied*, 07-1156 (La. 12/7/07), 969 So.2d 627, the maximum sentence was upheld for a multiple felony offender who pled guilty to seventeen counts of theft of a firearm and two counts of simple burglary of an inhabited dwelling.

Based on our review of the record, we find that the defendant's sentences are not excessive. The defendant has prior felony convictions for simple burglary, theft, and distribution of Schedule II narcotics. Further, the record indicates that the defendant was released from prison in August of 2011 and that the offenses at issue herein occurred approximately five months later. The defendant was on parole and/or probation at the time of the instant offenses. The defendant also had other charges pending at the time of his guilty plea. Although the trial court sentenced the defendant to maximum or near-maximum penalties, we note that the defendant received a significant reduction in the total maximum penalty because the trial court ordered that his sentences be served concurrently with each other and with his other pending offenses.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, the sentences of the defendant, Charles Soileau, are affirmed.

**AFFIRMED.**